[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2008
THOMAS K. KAHN
CLERK

No. 07-14666
Non-Argument Calendar

_____

BIA Nos. A98-677-704 & A98-677-705

KAREN PAPYAN,
GOAR NIKOGOSYAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 13, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Karen Papyan ("Papyan"), a citizen of Russia and native of

Armenia (which was part of the U.S.S.R. at the time of Papyan's birth), with his wife Goar Nikogosyan as rider, petitions this Court for review of the Board of Immigration Appeals's ("BIA") affirmance of the Immigration Judge's ("IJ") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), INA § 208, 8 U.S.C. § 1231; 8 C.F.R. § 208.16(c).

We previously issued a jurisdictional question to the parties regarding the proper venue for Papyan's petition. With the benefit of the full administrative record, we conclude that the immigration proceedings below occurred in Miami, Florida, and we do have jurisdiction to consider the instant petition. *See* INA § 242(b)(2), 8 U.S.C. § 1252(b)(2); *Dailide v. United States Att'y Gen.*, 387 F.3d 1335, 1340 n.7 (11th Cir. 2004).

Papyan argues that the IJ's adverse credibility determination was based on the faulty ethnocentric view that the level of corruption testified to by Papyan was implausible. Papyan notes that he provided evidence and country reports to support the plausibility of his claim and asserts that the IJ's credibility ruling was based on mere conjecture.

When the BIA issues a decision with an opinion, we review that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v.*

2

*Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued an opinion that did not expressly adopt the IJ's decision and, therefore, we review the BIA's decision.

We review the factual determinations of the IJ and BIA under the substantial evidence test. *Al Najjar*, 257 F.3d at 1283-84; *Forgue v. United States Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). Under this test, the finding must be upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284 (citation omitted). The determination may be reversed only where the evidence would compel a reasonable finder of fact to come to a contrary determination. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). "Under the substantial evidence test, we review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id*. That evidence in the record may support a contrary conclusion is not enough to justify reversal. *Id*. Credibility determinations, like other factual findings, are reviewed under the substantial evidence test. *Forgue*, 401 F.3d at 1286.

An alien may obtain asylum if he is a refugee. 8 U.S.C. § 1158(b)(1)(A). A refugee is a person who is unable or unwilling to return to his home country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular group, or political opinion.

3

INA § 101(a)(42)(A), 8 U.S.C. § 1101(A)(42)(A). A well-founded fear of persecution is one that is subjectively genuine and objectively reasonable. *Al Najjar*, 257 F.3d at 1289. The asylum applicant carries the burden of proving that he meets the definition of refugee. *Id.* at1284.

To obtain withholding of removal, an alien must show that it is more likely than not that he will be persecuted or tortured upon being returned to his country. *Sepulveda v. United States Att'y. Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). This standard is more stringent than the well-founded fear standard for receiving asylum. *Al Najjar*, 257 F.3d at 1292–93. Thus, if an applicant is unable to meet the asylum standard, he is generally unable to qualify for withholding of removal. *Id*. To receive CAT relief, an alien must show that it is more likely than not he would be tortured if removed. 8 C.F.R. § 208.16(c)(2). This standard is also higher than the burden for showing eligibility for asylum. *Al Najjar*, 257 F.3d at 1302-03.

"The asylum applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record." *Forgue*, 401 F.3d at 1287 (citation omitted). The credible testimony of an applicant may suffice on its own to establish eligibility for asylum. *Forgue*, 401 F.3d at 1287. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Id*. "[T]he IJ must offer specific, cogent reasons for an

adverse credibility finding." *Id*. For there to be an adverse credibility determination, the IJ must have made an explicit, clean determination of credibility. *Yang v. United States Att'y. Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287 (internal quotations omitted).

After reviewing the record and the parties' briefs, we conclude that substantial evidence supports the BIA's determination that the IJ did not clearly err in its adverse credibility determination. The BIA accurately identified a variety of specific, cogent reasons that the IJ relied upon in making this finding, and Papyan does not challenge these conclusions. *See Forgue*, 401 F.3d at 1287. With the adverse credibility determination in tact, substantial evidence supports the ultimate determination that Papyan was not eligible for asylum, withholding of removal, or CAT relief. Accordingly, we deny the petition for review.

**PETITION DENIED.**